FILED & ENTERED

MAY 07 2014

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY bryant    DEPUTY CLERK

**NOT FOR PUBLICATION**

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA—LOS ANGELES DIVISION

| | |
|---|---|
| In re:<br><br>WILLIAM M. LANSDALE,<br><br>              Debtor(s).<br>_____<br><br>WILLIAM M. LANSDALE, SOUTHERN CALIFORNIA FINANCIAL CORPORATION, A CALIFORNIA CORPORATION,<br><br>              Plaintiff(s),<br>     v.<br><br>RUFUS VON THULEN RHOADES,<br><br>              Defendant(s). | CHAPTER 11<br><br>Case No.: 2:12-bk-45706-WB<br>Adv. No.: 2-12-ap-02463-WB<br><br>**FINDINGS OF FACT AND CONCLUSIONS OF LAW IN SUPPORT OF SUMMARY JUDGMENT IN FAVOR OF DEFENDANT RUFUS VON THULEN RHOADES**<br><br>Date:            February 11, 2014<br>Time:           2:00 P.M.<br>Courtroom:   1375 |

On October 24, 2012, William M. Lansdale ("Debtor") filed a voluntary petition under chapter 11 of the U.S. Bankruptcy Code. Debtor is the president and sole shareholder of Southern California Financial Corporation ("SCFC").

On November 13, 2012, Debtor and SCFC initiated this adversary proceeding by filing a complaint against Rufus von Thulen Rhoades ("Rhoades") seeking damages of $30,000,000 based upon Rhoades' alleged legal malpractice.

On December 17, 2012, Rhoades filed a motion to dismiss the complaint, which Debtor and SCFC jointly opposed. During a hearing on March 11, 2013, the court found that the legal malpractice claim was held by SCFC alone. The court dismissed Debtor for lack of standing and declined to exercise its discretion to abstain from the case.

On December 3, 2013, Rhoades filed a motion for summary judgment against SCFC. During a hearing on February 11, 2014, the court granted the motion upon finding that SCFC's legal malpractice claim is time-barred pursuant to Cal. Code Civ. Proc. § 340.6. On March 4, 2014, Rhoades and SCFC consented to the entry of final orders and judgment by this court. This judgment is final. 28 U.S.C. § 157(c)(2); see also In re Bellingham Ins. Agency, Inc., 702 F.3d 553, 557 (9th Cir. 2012) (cert. granted June 24, 2013). If it is found on appeal that this court does not have jurisdiction to enter final judgment in this matter, this judgment shall be considered a report and recommendation to the district court. See 28 U.S.C. § 157(c)(1). The court now enters the following findings of fact and conclusions of law in support of its entry of judgment for Rhoades. To the extent that any findings of fact are included under conclusions of law, they shall be deemed findings of fact. To the extent that any conclusions of law are included under findings of fact, they shall be deemed conclusions of law.

Finding of Facts

1. Debtor and several former partners developed the Marina Pacifica condominium complex in Long Beach, California. Pursuant to agreement, the Marina Pacifica unit owners agreed to pay Debtor and his partners an "Assignment Fee," which was to be adjusted pursuant to a predetermined formula in 2006 and 2021.

2. In 2006, as the first escalation date approached, a dispute arose between the HOA and Debtor over calculation of the adjusted Assignment Fee. In the midst of this dispute,

Rhoades as Debtor's attorney caused SCFC to be created for the purpose of holding Debtor's interest in the Assignment Fee. Rhoades became SCFC's Vice President and General Counsel and then facilitated the transfer of Debtor's interest in the Assignment Fee to SCFC on January 15, 2008.

3. In 2007, the California Legislature enacted the statutes codified at Section 1098 and 1098.5 of the Civil Code. These statutes required the recipient of any real property "transfer fee" prior to January 1, 2008 to record a written notice of such transfer fee ("Notice") with the appropriate county recorder's office on or before December 31, 2008. Rhoades did not record, or otherwise counsel SCFC to record, a Notice of the Assignment Fee prior to the expiration of the December 31, 2008 deadline.

4. On March 23, 2009, the HOA filed a lawsuit against Debtor and SCFC in Los Angeles Superior Court ("HOA Action") alleging, *inter alia*, that the Assignment Fee was uncollectable because it was a "transfer fee" pursuant to § 1098.5 and SCFC did not record a Notice of the Assignment Fee prior to the statutory deadline.

5. On July 31, 2010, Rhoades resigned as counsel for SCFC, which he confirmed in a letter of resignation.

6. By October 2011, SCFC had incurred over $1,000,000 in attorneys' fees defending the HOA Action.

7. On October 7, 2011, Judge Patrick T. Madden issued a Tentative Decision in the HOA Action. The court found that the Assignment Fee was a "transfer fee" as defined under Cal. Civ. Code § 1098 and therefore subject to the notice requirements of Cal. Civ. Code § 1098.5. Because SCFC did not record written notice of the Assignment Fee before December 31, 2008, Judge Madden held the Assignment Fee was "not collectable commencing January 1, 2009 and thereafter."

8. On November 14, 2011, Judge Madden entered a Statement of Decision adopting its Tentative Decision issued on October 7, 2011 as his final ruling for Phases I and II of the HOA Action. Because there were issues remaining to be resolved in Phase IV of the HOA Action, Judge Madden did not enter judgment for the HOA at that time.

9. On October 24, 2012, Debtor filed a voluntary petition for chapter 11 relief.

10. On November 9, 2012, this Court entered an order granting the HOA relief from the automatic stay to prosecute the HOA Action to final judgment pursuant to the terms a stipulation between Debtor, SCFC, and the HOA.

11. On November 13, 2012, SCFC and Debtor (who is now a non-party) filed the complaint that initiated this adversary proceeding, alleging that Rhoades committed legal malpractice by not advising SCFC to record a Notice of the Assignment Fee prior to December 31, 2008 deadline.

12. On July 23, 2013, Judge Madden entered final judgment in the HOA Action in favor of the HOA and against SCFC and Debtor.

Conclusions of Law

1. SCFC's complaint for legal malpractice is time-barred. Claims for legal malpractice must be filed within one year from when the former client discovers the acts constituting the alleged malpractice, or four years from the date of the wrongful act or omission, whichever occurs first. Cal. Code Civ. Proc. § 340.6(a). The limitations period may be tolled until the former plaintiff suffers an "actual injury," Cal. Code Civ. Proc. § 340.6(a)(1), or while the attorney continues to represent the former client regarding the specific subject matter in which the alleged wrongful act or omission occurred, Cal. Code Civ. Proc. § 340.6(a)(2).

2. Here, Rhoades' alleged wrongful act was his failure to record, or to advise SCFC to record, a Notice of the Assignment Fee prior to a statutory deadline of December 31, 2008. SCFC first became aware of the alleged malpractice claim when the HOA Litigation was commenced on March 23, 2009. If the limitations period were not tolled, the limitations period would have ended on March 23, 2010.

3. The limitations period was tolled until SCFC suffered an "actual injury" from Rhoades' alleged malpractice. Under California Code of Civil Procedure § 340.6(a)(1), an "actual injury" includes any legally cognizable damage necessary to assert the cause of action.

Jordache Enterprises, Inc. v. Brobeck, Phleger & Harrison, 18 Cal.4th 739, 752 (1998). Attorney's fees paid to a second attorney to remedy or reduce the consequences of the first attorney's negligence may be recoverable as damages, and thus trigger the commencement of the statute of limitation. See e.g., Budd v. Nixen, 6 Cal.3d 195, 202 (1971); Sirott v. Latts, 6 Cal.App.4th 923, 928 (1992); Bennett v. McCall, 19 Cal.App.4th 122, 128 (1993); Kovacevich v. MicKinney & Wainwright, 16 Cal.App.4th 337, 344 (1993); Croucier v. Chavos, 207 Cal.App.4th 1138, 1150 (2012). Furthermore, "[t]here is no requirement that an adjudication or settlement must first confirm a causal nexus between the attorney's error and the asserted injury. The determination of actual injury requires only a factual analysis of the claimed error and its consequences. The inquiry necessarily is more qualitative than quantitative because the fact of damage, rather than the amount, is the critical factor." Jordache, 18 Cal.4th at 752.

4. Here, SCFC had incurred over $1,000,000 in attorneys' fees defending the HOA Action by October 1, 2011. These attorneys' fees constitute an "actual injury" for purposes of Cal. Code Civ. Proc. § 340.6(a)(1). Resolution of the HOA Action, whether by adjudication or settlement, was not required for SCFC's attorneys' fees to constitute an "actual injury." Jordache, 18 Cal.4th at 752. Therefore, pursuant to subsection (a)(1), the statute of limitations was tolled until October 2011 and expired in October 2012.

5. Section 340.6(a)(2) did not toll the limitations period beyond October 2011 because Rhoades' representation of SCFC ended on July 31, 2010. Thus, the termination of Rhoades' representation would only have tolled the statute of limitations until July 31, 2011.

6. SCFC's complaint is untimely because it was filed on November 13, 2012, after the limitations period expired October 1, 2012. Pursuant to California Code of Civil Procedure § 340.6, SCFC's complaint against Rhoades is time-barred and Rhoades is entitled to judgment as a matter of law.

//

//

//

7.     Having found that SCFC's complaint is time-barred by the statute of limitations, the Court does not make any findings or conclusions as to whether SCFC is also barred from prosecuting this action because it was required to litigate the legal malpractice claim as a compulsory cross-complaint in prior litigation between the parties regarding Rhoades' legal fees.

###

Date: May 7, 2014

*Julia W. Brand*
Julia W. Brand
United States Bankruptcy Judge